Josefa Rodríguez Rivera, demandante y apelada, *v.* Tomás Cintrón Batalla, demandado y apelante.

Núm. 8093.—*Sometido:* Mayo 28, 1940.  *Resuelto:* Junio 20, 1940.

*Adolfo García Veve,* abogado del apelante;  *Manuel López Carrillo,* abogado de la apelada.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

El 8 de marzo de 1939 Josefa Rodríguez Rivera demandó a Tomás Cintrón Batalla ante la Corte de Distrito de Humacao en reclamación de alimentos.

Alegó su matrimonio con el demandado en Las Piedras en 1938 y el abandono en que poco después la dejó y la tiene su esposo, que se ha negado a proporcionarle los alimentos necesarios para su subsistencia en cantidad no menor de ocho dólares semanales, no obstante percibir un sueldo de veinte por semana.

En su contestación aceptó el demandado su matrimonio con la demandante pero negó que la hubiera abandonado, que la demandante fuera insolvente y que él ganara veinte dólares semanales, siendo lo cierto que él era insolvente y no recibía sueldo alguno desde que se produjo una herida en una mano mientras trabajaba.

Dada la naturaleza de la reclamación, su tramitación se ajustó a la del juicio de desahucio cumpliendo lo dispuesto en el artículo 618 del Código de Enjuiciamiento Civil, ed. 1933—artículo 84 de la Ley de Procedimientos Legales Especiales de 1905—señalándose la primera comparecencia para marzo 17, 1939. La segunda o sea el juicio tuvo lugar en abril 3, 1939.

En mayo 3, 1939, la demandante presentó una moción solicitando permiso para producir nueva prueba. Fué declarada con lugar el mismo día señalándose para ello el 19 del propio mes. Notificado el demandado, su abogado en mayo 10 solicitó la suspensión, alegando como impedimento para concurrir a la vista sus labores legislativas. No accedió el Juez e insistió el abogado por telegrama de mayo 18, 1939, pidiendo que el acto se señalara para la semana siguiente. Mantuvo la corte su resolución y el propio 19 de mayo, 1939, una vez que declaró el nuevo testigo que presentó la demandante—el demandado no compareció—dictó sentencia condenando al demandado a pasar a la demandante cinco dólares semanales en concepto de pensión alimenticia, con la obligación de depositarlos con una semana de anticipación en la secretaría de la corte. Fijó los honorarios de abogado a pagar por el demandado en cincuenta dólares.

No conforme el demandado, apeló para ante este tribunal. Señala en su alegato tres errores cometidos a su juicio por la corte al declarar con lugar la moción de la demandante para permitir la práctica de nueva prueba sin dar al demandado la oportunidad de ser oído sobre los méritos de la misma, al no transferir la fecha del señalamiento

para la presentación de la nueva prueba y al dictar sentencia en rebeldía movida por pasión, prejuicio y parcialidad.

Al argumentar el primer error comienza el apelante sosteniendo que el permiso concedido a la demandante para la práctica de nueva prueba equivale a la concesión de un nuevo juicio y que siendo ello así debió observarse la ley a los nuevos juicios aplicable. Examina entonces la moción y la actuación de la corte a la luz de las disposiciones de esa ley y concluye que no fueron cumplidas por la demandante ni tomadas en consideración por la corte.

Un nuevo juicio, como lo define el artículo 220 del Código de Enjuiciamiento Civil, ed. 1933, es la revisión de una cuestión de hecho ante la corte o árbitro que celebró el anterior en que se suscitó aquélla y pronunció sentencia.

Aquí se había celebrado ya la segunda comparecencia el 3 de abril de 1939. Ambas partes practicaron prueba y el asunto quedó pendiente de sentencia sin que ésta se hubiera dictado cuando en mayo 3 siguiente se presentó por la demandante su moción pidiendo oportunidad para practicar nueva prueba descubierta. La declaración con lugar de esa moción no puede equipararse a la concesión de un nuevo juicio, ya que el pleito no se había decidido aún por la corte si que simplemente estaba sometido a su consideración y resolución.

La mejor práctica hubiera sido oír al demandado antes de resolver la moción, pero atendida la naturaleza del asunto sometídole, no creemos que la corte abusara de su discreción al actuar en la forma en que lo hizo.

En cuanto a la suspensión de la vista, quizá lo mejor hubiera sido transferirla, pero dada la forma en que a ella se dirigió el abogado del demandado—por telegrama cuando tuvo tiempo suficiente para presentar una moción en regla —no podemos resolver que estuviera obligada a decretarla.

Además no se ha impugnado la nueva prueba practicada que se refirió a la habilidad del demandado para cumplir con el deber de alimentar a su esposa por encontrarse trabajando y ganando para el tiempo en que declaró el

nuevo testigo, no demostrándose en tal virtud que se recibiera perjuicio, y como un estudio de la evidencia practicada por ambas partes con anterioridad permite concluir que la sentencia dictada tiene en ella amplio fundamento y se dió oportunidad al demandado de comparecer, no creemos que exista base para revocar la sentencia recurrida especialmente cuando se trata de un caso sobre alimentos.

En cuanto a la pasión, el prejuicio y la parcialidad que al juzgador atribuye el apelante, quizá algo pudiera existir, pero no en el grado que se requiere para viciar de nulidad la actuación de la corte.

Éste es un caso que no obstante la sentencia dictada en el mismo, permanece abierto a la consideración judicial. Lo que la corte hizo fué condenar a un marido que dejó de cumplir con el deber legal de alimentar a su esposa, a que lo hiciera, depositando con antelación en la secretaría de la corte no los ocho dólares semanales reclamados por la esposa si que cinco. Si en verdad ocurren circunstancias que hacen imposible el cumplimiento de la sentencia y la corte se convence de que no se trata de meras evasivas, justicia puede siempre obtener el demandado.

*Por virtud de todo lo expuesto debe el recurso declararse sin lugar y confirmarse la sentencia apelada.*